U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 15 2006

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ELIGAH DARNELL, Jr., § <br> (TDCJ No. 1326857) § <br> VS. § <br> § <br> § <br> STEVEN W. CONDER, § <br> Assistant District Attorney, § <br> Tarrant County, Texas, et al. § | CIVIL ACTION NO.4:06-CV-053-Y |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B)
and UNDER 28 U.S.C. §§ 1915(e)(2)(B)

This case is before the Court for review of pro-se plaintiff Eligah Darnell Jr.'s ("Darnell") claims under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). When this suit was filed, Darnell was a prisoner housed within the Texas Department of Criminal Justice--Correctional Institutions division.[1] The form civil-rights complaint with attachment pages seeking relief under 42 U.S.C. § 1983, names as defendants Steven W. Conder, assistant District Attorney; and Troy C. Bennett, clerk, Texas Court of Criminal Appeals. (Compl. Style; § IV(B).) Darnell alleges that he twice filed state applications for a writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure, each of which was returned to him because pages were missing and form questions were left unanswered. (Compl. § V, attachment pages.) Darnell alleges that Bennett held up the return of the writs, and deemed them insufficient for "baseless" reasons. He contends that assistant district attorney Conder failed to prepare and file a reply to

---

[1]Since then, he has provided notice of an on-the-street address in Fort Worth, Texas.

either application in contravention of state law. Darnell also contends that Bennett removed the missing pages from his applications and failed to provide accurate copies of what was actually filed in the state-court records later submitted to this federal court during the consideration of a federal petition for writ of habeas corpus under 28 U.S.C. § 2254, *Darnell v. Anderson*, No.4:04-CV-910-A. He further alleges that Conder engaged in a conspiracy with Bennett to have the state writ applications returned to him due to procedural inadequacies and that the two defendants engaged a conspiracy to fail to provide accurate copies of the state writ applications for consideration in the § 2254 proceeding. Darnell insists that his right to access to courts was violated because, due to the rejection of his state applications, by the time he sought relief in federal court, his sentence had expired and the federal court was without jurisdiction to consider his claims. (Compl. § V, attachment pages.) Darnell alleges that he sustained mental anguish and severe emotional distress, for which he seeks punitive, compensatory, and nominal damages. (Compl. § VI, attachment pages.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2006).

U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Darnell's claims must be dismissed.

Darnell cannot prevail on his claims because each defendant is entitled to absolute immunity. Judges are entitled to absolute immunity from suits for money damages for all actions taken in the judge's judicial capacity.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions

---

[3] See 28 U.S.C.A. § 1915(e)(2)(West Supp. 2006); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996); see also Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] See 28 U.S.C.A. § 1915A(a)(West Supp. 2006).

[5] See Schultea v. Wood, 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] Id., citing Neitzke v. Williams, 490 U.S. 319, 327 (1989).

[7] Mireless v. Waco, 502 U.S. 9, 11 (1991), citing Forrester v. White, 484 U.S. 219, 227-229 (1988) and Stump v. Sparkman, 435 U.S. 349, 360 (1978); see also, Boyd , 31 F.3d at 284.

were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Absolute judicial immunity has been extended to non-judicial officers who perform quasi-judicial functions.[9] When absolute immunity is extended to those other than judges, "it is because their judgments are 'functionally comparab[le]' to those of judges--that is, because they too, 'exercise a discretionary judgment' as a part of their function."[10] The proper focus of the inquiry is not on the identity of the party, but on his official role or function in the context of the case.[11]

In the context of this case, then the analysis turns to the function performed by Texas Court of Criminal Appeals' (TXCCA) clerk Troy Bennett with regard to rejecting Darnell's applications for writ of habeas corpus. The Court of Appeals for the Fifth Circuit has held that "court clerks 'have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion.'"[12] But the focus here is whether Bennett is entitled to immunity for his actions that flow from court rules. Texas Rule of Appellate Procedure 73.1 now

---

[8] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9] *O'Neal v. Mississippi Bd. Of Nursing*, 113 F.3d 62, 65 (5th Cir. 1997).

[10] *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 436 (1993)(quoting *Imbler v. Pachtman*, 424 U.S. 409, 423 n. 20 (1976)).

[11] *O'Neal*, 113 F.3d at 65, citing *Mays v. Sudderth*, 97 F.3d 107, 110 (5th Cir. 1996).

[12] *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)(quoting *Tarter v. Jury*, 646 F.2d 1010, 1013 (5th Cir. 1981)).

4

mandates that an application for post-conviction habeas corpus relief under article 11.07 of the Code of Criminal Procedure be filed in the form required by the TXCCA, and specifies the content to be included in such form.[13] Rule 73.2 provides to the clerk of the TXCCA the discretion to return a form not in compliance:

> The clerk of the Court of Criminal Appeals may, without filing an application that does not comply with this rule, return it to the clerk of the convicting court, with a notation of the defect, and the clerk of the convicting court will return the application to the person who filed it, with a copy of the official form.[14]

Thus, with regard to Darnell's complaints that his 11.07 applications were rejected by the TXCCA, clerk Bennett was exercising a discretionary function entrusted to him by rule. Although the Fifth Circuit does not appear to have recently considered the question of immunity for a clerk acting in accordance with a court rule,[15] consistent with the Supreme Court's analysis in *Antoine*,[16] and the analysis of other circuits,[17] Bennett's actions

---

[13] TEX. R. APP. P. 73.1(a) and (c).

[14] TEX. R. APP. P. 73.2.

[15] *Cf., Williams v. Wood*, 612 F.3d 982, 985 n.3 (5th Cir. 1980)(citing as examples of instances where clerks were afforded absolute immunity from damage actions, cases where the clerk had acted in accordance with a rule or statute) (citations omitted).

[16] 508 U.S. at 436-37 (noting that as the statutory duty of a court reporter to "record verbatim" court proceedings is a ministerial act with no discretion, there is no exercise of judgment to be protected by judicial immunity).

[17] *See Harris v. Suter*, 3 Fed. Appx. 365, 2006 WL 111586, at **1 (6th Cir. 2001)(holding that Supreme Court clerk William K. Suter was entitled to absolute immunity for his determination to reject a petition for writ of certiorari that did not comply with Supreme Court rules and was untimely) (unpublished-copy attached); *see also Geitz v. Overall*, 62 Fed. Appx. 74, 2003 WL 1860542, (8th Cir. 2003)("Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule."), citing *Antoine*, 508 U.S. at 436 (unpublished--copy

in refusing to file 11.07 applications that he deemed not to be in compliance with the state rule, are entitled to absolute immunity.

The doctrine of absolute immunity also applies to defendant assistant district attorney Steven W. Conder. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[18] The focus is upon whether the prosecutor is acting "in his role as advocate for the State."[19] Here, even assuming Plaintiff's allegations against Conder are true, he took such action in the role as a prosecutor on behalf of the State of Texas.[20] That Darnell alleges Conder engaged in a conspiracy does not vitiate Conder's immunity from suit.[21] As defendant Conder

---

attached); *Humphrey v. Court Clerk, NDNY, et al.*, No.5:05-CV-1159 (NAM)(GJ), 2005 WL 2490155, at * 3 (N.D.N.Y. Oct. 7, 2005)("Since plaintiff's allegations arise out of and relate to actions taken by court personnel which were in accordance with the terms of the Local Rules of Northern District, and pursuant to the direction of a judicial officer, these actions constitute an integral part of the judicial process and are shielded from liability by judicial immunity.")

[18]*Buckley v. Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler*, 424 U.S. at 431.

[19]*Imbler*, 424 U.S. at 431 n.33.

[20]*See White v. Stricklin*, No.3:02-CV-688-D, 2002 WL 1125747, at *2 (N.D.Tex. May 23, 2002)(holding that as an assistant district attorney's action in responding to a petition for writ of habeas corpus is taken in his role as an advocate for the State, he was entitled to absolute prosecutorial immunity).

[21]*See generally Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc)("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors"); *Smith v. City of New Orleans*, No. Civ.A. No.95-0821, 1996 WL 39424, at *3 (E.D.La. Jan. 30, 1996)("The Court has already determined that the underlying acts were protected by absolute immunity; mere allegations that defendants performed those acts in the course of a conspiracy will not be sufficient to avoid absolute immunity"), citing *Holloway v. Walker*, 765 F.2d 517, 522 (5th Cir.), cert. den'd, 474 U.S. 1037 (1985).

6

is entitled to absolute prosecutorial immunity, Plaintiff's claims against him must be dismissed.

The Court notes that an alternative basis for dismissal of all Plaintiff's claims for compensatory damages is the limitation on recovery of damages for other than physical injury. As a part of the PLRA, Congress placed a restriction on a prisoner's remedies unless there is a showing of physical injury: "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."[22] The Court of Appeals for the Fifth Circuit has determined that this provision bars recovery of damages for mental or emotional injury, absent physical injury, allegedly resulting from a violation of a constitutional right:

> We agree with the majority of the other federal circuits that have addressed this issue in holding that it is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury. Thus, as the district court correctly held, Geiger's failure to allege physical injury falls squarely under § 1997e(e)'s bar, precluding his recovery of compensatory damages for emotional or mental injuries allegedly suffered as a result of the purported First Amendment violation.[23]

Darnell has not alleged any physical injury as a result of the claimed violations of his rights. Thus, Darnell is not entitled to

---

[22] 42 U.S.C.A. 1997e(e)(West 2003).

[23] *Geiger v. Jowers,* 404 F.3d 371, 375 (5th Cir. 2005)(citations omitted).

recover damages for his alleged mental and emotional injuries. Any claim for compensatory damages for mental or emotional injury is barred under 42 U.S.C. § 1997e(e), and must be dismissed under the authority of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

It is therefore ORDERED that all Plaintiff's claims be and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(2) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).[24]

SIGNED August **15**, 2006.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[24]Alternatively, all Plaintiff's claims for compensatory damages are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C.§ 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Westlaw.

3 Fed.Appx. 365
3 Fed.Appx. 365, 2001 WL 111586 (C.A.6 (Ohio))
**(Cite as: 3 Fed.Appx. 365)**

Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.NOT RECOMMENDED FOR FULL--TEXT PUBLICATION Sixth Circuit Rule 28(g) limits citation to specific situations. Please see Rule 28(g) before citing in a proceeding in a court in the Sixth Circuit. If cited, a copy must be served on other parties and the Court. Please use FIND to look at the applicable circuit court rule before citing this opinion. Sixth Circuit Rule 28(g). (FIND CTA6 Rule 28.)

United States Court of Appeals,Sixth Circuit.
Ruby H. HARRIS, Plaintiff-Appellant,
v.
William K. SUTER, Clerk of the Court, Defendant-Appellee.
**No. 00-3309.**

Feb. 1, 2001.

Petitioner brought civil rights action against Clerk of the United States Supreme Court, based on his refusal to file her petition for writ of certiorari. The United States District Court for the District of Ohio dismissed action, and petitioner appealed. The Court of Appeals held that clerk was entitled to absolute judicial immunity.

Affirmed.

West Headnotes

**[1] Clerks of Courts 79 €—72**

79 Clerks of Courts
79k72 k. Liabilities for Negligence or Misconduct. Most Cited Cases
Clerk of the United States Supreme Court was entitled to absolute judicial immunity when he refused to file petition for writ of certiorari, where petition did not comply with the rules of the Supreme Court and was untimely making decision not to file the petition a quasi-judicial function.

**[2] Courts 106 €—55**

106 Courts
106II Establishment, Organization, and Procedure
106II(B) Court Officers
106k55 k. Ministerial Officers in General. Most Cited Cases

**Judges 227 €—36**

227 Judges
227III Rights, Powers, Duties, and Liabilities
227k36 k. Liabilities for Official Acts. Most Cited Cases
Judges and other court officials enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.

**[3] Clerks of Courts 79 €—72**

79 Clerks of Courts

79k72 k. Liabilities for Negligence or Misconduct. Most Cited Cases
When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.<sup>FN*</sup>

> FN* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

**\*\*1** Ruby H. Harris, a pro se Ohio resident, appeals a district court judgment dismissing her civil action construed as being filed pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Harris sued William K. Suter, Clerk of the United States Supreme Court, claiming that Suter denied her access to the Supreme Court by refusing to file her petition for a writ of certiorari. The district court dismissed the complaint for failure to state a claim.

In her timely appeal, Harris asserts that Suter did not have the judicial authority to prevent the filing of her petition. Harris also asserts that Suter was not entitled to immunity.

The district court's judgment is reviewed de novo. *See Coyne v. Am. Tobacco Co.,* 183 F.3d 488, 492 (6th Cir.1999).

Upon review, we affirm the district court's judgment. Harris sought to file a petition for a writ of certiorari with the United States Supreme Court. However, the petition was returned as it did not comply with the rules of the Supreme Court. Specifically, the petition failed to include an appendix containing the opinions of the court of appeals or the district court. Further, the petition was untimely.

[1][2][3] Judges and other court officials enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions. *Foster v. Walsh,* 864 F.2d 416, 417 (6th Cir.1988). Court officials are not absolutely immune from suit for performing non-judicial functions. *Id.* When a clerk files or refuses to file a document with the court, he is entitled to immunity, provided the acts complained of are within the clerk's jurisdiction. *See Mullis v. United States Bankr. Court. for Dist. of Nevada,* 828 F.2d 1385, 1390 (9th Cir.1987). As Harris's petition did not comply with the rules of the Supreme Court and was untimely, Suter's decision not to file the petition was a quasi-judicial function. Thus, Suter was entitled to absolute immunity. *Id.*

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

C.A.6 (Ohio),2001.
Harris v. Suter
3 Fed.Appx. 365, 2001 WL 111586 (C.A.6 (Ohio))

Briefs and Other Related Documents (Back to top)

? 00-3309 (Docket) (Mar. 09, 2000)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

62 Fed.Appx. 744
62 Fed.Appx. 744, 2003 WL 1860542 (C.A.8 (Mo.))
**(Cite as: 62 Fed.Appx. 744)**

**H**
Briefs and Other Related Documents
This case was not selected for publication in the Federal Reporter.Please use FIND to look at the applicable circuit court rule before citing this opinion. Eight Circuit Rule 28A(i). (FIND CTA8 Rule 28A.)
United States Court of Appeals,Eighth Circuit.
James B. GEITZ, Appellant,
v.
Gene OVERALL; Gary Krautmann; Robert Livergood; Michael Godfrey; Deidre O'Meara Smith; Kim Elliot; Martha J. Hagan; Paul Fox; Joan Gilmer; Barbara Wallace; Kenneth M. Romines; James R. Dowd, Appellees.
No. 02-3982.

Submitted March 6, 2003.
Decided April 11, 2003.

Prison inmate brought civil rights suit against various state-court clerks, attorney for clerk's offices, state prosecutor, state judges, court specialist, and judicial legal assistant, alleging that they denied him access to the courts and the right to appeal his criminal conviction. The United States District Court for the Eastern District of Missouri dismissed the suit, and inmate appealed. The Court of Appeals held that: (1) judges and prosecutor were absolutely immune from liability; (2) attorney for the judicial clerk's office, court specialist, and judicial legal assistant were entitled to quasi-judicial immunity; and (3) inmate's allegations that court clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries stated a civil rights claim.

Affirmed in part, and reversed and remanded in part.

West Headnotes

**[1] Civil Rights 78 €═1376(8)**

78 Civil Rights
78III Federal Remedies in General
78k1372 Privilege or Immunity; Good Faith and Probable Cause
78k1376 Government Agencies and Officers
78k1376(8) k. Judges, Courts, and Judicial Officers. Most Cited Cases
    (Formerly 78k214(8))

**Civil Rights 78 €═1376(9)**

78 Civil Rights
78III Federal Remedies in General
78k1372 Privilege or Immunity; Good Faith and Probable Cause
78k1376 Government Agencies and Officers
78k1376(9) k. Attorney General and Prosecuting Attorneys. Most Cited Cases
    (Formerly 78k214(9))
Judges and prosecutor were absolutely immune from liability for damages with regard to prison inmate's civil rights suit against them, in which inmate alleged, inter alia, that he was denied access to the courts. 42 U.S.C.A. § 1983.

**[2] Civil Rights 78 €═1376(8)**

78 Civil Rights
78III Federal Remedies in General

78k1372 Privilege or Immunity; Good Faith and Probable Cause
78k1376 Government Agencies and Officers
78k1376(8) k. Judges, Courts, and Judicial Officers. Most Cited Cases
    (Formerly 78k214(8))
Attorney for the judicial clerk's office, court specialist, and judicial legal assistant were entitled to quasi-judicial immunity, with regard to prison inmate's civil rights suit against them, in which inmate alleged, inter alia, that he was denied access to the courts, where those court-related employees were performing discretionary functions. 42 U.S.C.A. § 1983.

[3] Civil Rights 78 ⇌1398

78 Civil Rights
78III Federal Remedies in General
78k1392 Pleading
78k1398 k. Defenses; Immunity and Good Faith. Most Cited Cases
    (Formerly 78k238)
Prison inmate's allegations that court clerks violated his constitutional right of access to the courts by intentionally failing to file his submissions, to notify him of court orders, and to respond to his inquiries stated a civil rights claim; the court clerks' alleged actions were arguably ministerial, not discretionary, and thus, clerks were not entitled to dismissal for failure to state a claim on the grounds of immunity from the suit. 42 U.S.C.A. § 1983.

*745 Appeal from the United States District Court for the Eastern District of Missouri.

Before LOKEN,[FN1] Chief Judge, MURPHY, and RILEY, Circuit Judges.

> FN1. The Honorable James B. Loken became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2003.

[UNPUBLISHED]

PER CURIAM.
**1 Missouri inmate James B. Geitz appeals the district court's pre-service dismissal without prejudice of his 42 U.S.C. § 1983 complaint, and the denial of his motion to amend his complaint. We affirm in part, and reverse and remand in part.

Proceeding pro se and in forma pauperis (IFP), Geitz sued various state-court clerks, an attorney for one of the clerk's offices, a state prosecutor, several state judges, a court specialist, and a judicial legal assistant. The gist of Geitz's complaint was that defendants denied him access to the courts and the right to appeal his criminal conviction by failing to file his submissions, to notify him of court orders affecting him, and to respond to or redress his inquiries and requests for relief from the court staff's alleged inaction. Geitz sought damages and requested that all defendants be impeached or their employment terminated. The district court dismissed his complaint under 28 U.S.C. § 1915(e)(2)(B), denied his motion to amend his complaint, and denied permission to proceed IFP on appeal. We now grant Geitz IFP status and assess the appellate filing fee in accordance with the Prison Litigation Reform Act (PLRA), leaving the collection details to the district court. See Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir.1997) (per curiam).[FN2]

> FN2. In a memorandum attached to his IFP motion in this court, Geitz argues that the district court violated his constitutional rights by both assessing the filing fee and dismissing the complaint, but this is precisely what the PLRA allows. See Murray v. Dosal, 150 F.3d 814, 818-19 (8th Cir.1998) (per curiam) (fee provisions pass constitutional muster), cert. denied, 526 U.S. 1070, 119 S.Ct. 1467, 143 L.Ed.2d 551 (1999).

[1][2] Upon de novo review, see Moore v. Sims, 200 F.3d 1170, 1171 (8th Cir.2000) (per curiam), initially we disagree with the district court that Geitz's complaint was barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a finding that Geitz was denied the right to appeal does not necessarily*746 imply that his appeal would be meritorious. We agree with the district court, however, that (1) Geitz was not entitled to the injunctive relief he sought, cf. Davis v. McAteer, 431 F.2d 81, 82 (8th Cir.1970) (federal courts must be mindful of

federal-state balance in suits against state officers); *Consumer Party v. Davis,* 778 F.2d 140, 146 (3d Cir.1985) (district courts are limited by federalism constraints in fashioning injunctive relief); (2) the judges and prosecutor were absolutely immune from liability for damages, *see Martin v. Hendren,* 127 F.3d 720, 721 (8th Cir.1997); *Duba v. McIntyre,* 501 F.2d 590, 592 (8th Cir.1974) (per curiam), *cert. denied,* 424 U.S. 975, 96 S.Ct. 1480, 47 L.Ed.2d 745 (1976); and (3) the clerk's-office attorney, court specialist, and judicial legal assistant were entitled to quasi-judicial immunity because they were performing discretionary functions, *see Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 436, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993).

[3] We reverse the court's dismissal of the court clerks. Clerks are absolutely immune only for acts that may be seen as discretionary, or for acts taken at the direction of a judge or according to court rule. *See Antoine,* 508 U.S. at 436 (when judicial immunity is extended to officials other than judges, it is because they also exercise discretionary judgment as part of their function); *Martin,* 127 F.3d at 721 (judge's absolute immunity extends to public officials who act under court order or at judge's direction); *Robinson v. Freeze,* 15 F.3d 107, 108-09 (8th Cir.1994) (determination of bailiff's immunity turned on whether bailiff was performing tasks delegated by judge or was exercising discretionary judgment).

**2 Geitz alleged that the clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries-actions which arguably are ministerial, not discretionary-and he did not allege that the clerks were acting pursuant to court rules or instructions. Viewing the complaint in the light most favorable to Geitz, *see Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir.1997) (applying Fed.R.Civ.P. 12(b)(6) standard of review to § 1915(e)(2)(B) dismissal), we conclude that the clerks were not absolutely immune, and the complaint stated a claim against them. Thus, we reverse and remand for further proceedings as to defendants Overall, Smith, Elliot, and Gilmer. In all other respects, the dismissal order is affirmed.

On remand the district court should reconsider Geitz's motion to amend his complaint in light of this decision.

Accordingly, we affirm in part, and reverse and remand in part.

C.A.8 (Mo.),2003.
Geitz v. Overall
62 Fed.Appx. 744, 2003 WL 1860542 (C.A.8 (Mo.))

Briefs and Other Related Documents (Back to top)

? 02-3982 (Docket) (Dec. 10, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.